# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

HISTORIC TOURS OF AMERICA, INC.,
a Florida corporation,

Plaintiff,

v.

TURTLE BUS, LLC,
a Colorado limited liability company

Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff, Historic Tours of America, Inc. ("**Historic Tours**") for its Complaint against Defendant Turtle Bus, LLC ("**Turtle Bus**"), by and through its attorneys, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement under 15 U.S.C. §1114, false designation of origin and unfair competition under 15 U.S.C. § 1125, trademark dilution under 15 U.S.C. §1125(c), trademark infringement and unfair competition under Colorado common law, unfair competition under Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* Plaintiff, Historic Tours seeks both injunctive and monetary relief as a result of Defendant's knowing and willful violation of Historic Tours' trademark rights, including its rights to its TRANSPORTAINMENT mark, which is the subject of a U.S. Federal Trademark Registration.

1

## PARTIES

2. Plaintiff, Historic Tours, is a Florida Corporation, organized and existing under the laws of the State of Florida, having its principal place of business at 201 Front Street, Key West, Florida, 33040. Historic Tours is a national, privately owned company that provides historically oriented experiences for its guests (who come from across the United States, including Colorado) through the operation of trolleys, street trains, high speed ferry, themed retail stores, festival marketplaces and other historic tourist attractions in various cities around the United States.

3. Defendant, Turtle Bus LLC is a Colorado limited liability company, with an address of at 2457 Chamonix Lane, D2, Vail, Colorado, 81657 and principal place of business at 5050 Ash St, Denver, Colorado, 80216.

4. On information and belief, Turtle Bus is owned and operated by Shane Ward. According to the Colorado Secretary of State's records, Shane Ward is the registered agent for Turtle Bus.

## JURISDICTION AND VENUE

5. This action arises under the Federal Trademark Act ("**Lanham Act"**), 15 U.S.C. § 1051 *et seq.*, Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.,* and Colorado common law.

6. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's federal Lanham Act claims.

8. This Court has personal jurisdiction over Defendant because it resides in this Judicial District, has committed tortious acts and caused injury as described herein in this Judicial District, and has engaged in and transacted business in this Judicial District by offering services within the State of Colorado.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District.

## GENERAL ALLEGATIONS

10. Plaintiff, Historic Tours, is the owner of United States Service Mark Registration No. 2,088,491 for TRANSPORTAINMENT for arranging and conducting sightseeing tours and charters by trolley and by train, in Class 39 (the "**Mark**"). The Mark is a standard character trademark. A true copy of the Certificate of Registration for the Mark is attached hereto as **Exhibit A**. The federal registration for the Mark is valid and incontestable under 15 U.S.C. § 1065. It was granted August 19, 1997.

11. The registration of the Mark constitutes prima facie evidence of its validity and conclusive evidence of Plaintiff's exclusive right to use the Mark in commerce in connection with the services named therein, and commercially related goods and services.

12. Plaintiff uses the Mark in connection with and to identify, in part, its transportation services and to distinguish its services from similar services offered by others, by, and without limitation, prominently displaying its Mark on advertising and promotional materials, *e.g.*, websites, coupons, flyers, and brochures, distributed throughout the United States. Plaintiff further displays its Mark on its websites, including <www.trolleytours.com/boston#home-section>, <www.trolleytours.com/boston/1-day-tour>, <www.trolleytours.com/boston/hop-on-hop-off>, which also offers its trolley and touring services to the general public. Plaintiff further displays its

3

Mark in connection with sales and services that it offers to the public through third-party websites including Facebook and X (formerly known as Twitter). Plaintiff's services sold under the Mark are provided nationwide in multiple states. Plaintiff currently operates tourist attractions in various cities around the United States, including Nashville, Tennessee; Key West, Florida; Boston, Massachusetts; San Diego, California; Savannah, Georgia; Washington DC and St. Augustine, Florida. Plaintiff has been offering touring services since 1980.

13. The federal registration rights and common law rights of Plaintiff in the Mark are collectively referred to herein as the "Mark."

14. The public has come to associate the well-known and distinctive Mark with Plaintiff and Plaintiff's services.

## DEFENDANT'S INFRINGEMENT

15. On information and belief, the Defendant operates its busing and tour services in the Vail Valley, Boulder, Denver, and other locations in Colorado. In the course of operating its business, the Defendant has and continues to use the mark "TRANSPERTAINMENT" in violation of Plaintiff's trademark rights. Defendant infringes on Plaintiff's mark at their locations and on their website <theturtlebus.com>. True and accurate screenshots from the Defendants' website are reproduced and attached hereto as **Exhibit B**.

16. On or about March 19, 2021, Defendant was first advised of Plaintiff's trademark rights. Defendant responded that its mark was not infringing Plaintiff's mark. Despite subsequent letters to resolve the matter, Plaintiff has had no further responsive communication from Defendant.

## COUNT I
**Federal Trademark Infringement in Violation of Federal Statute (15 U.S.C. §1114)**

17. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

18. This is a claim for infringement of Plaintiff's federally registered Mark, as depicted in Exhibit A.

19. Defendant has violated Plaintiff's exclusive rights to use its Mark by adopting and using the mark TRANSPERTAINMENT that is nearly identical and confusingly similar to Plaintiff's mark. Specifically, the Defendant is and has displayed the mark on the website <theturtlebus.com> and, on information and belief, at its principal place of business, 5050 Ash St, Denver, Colorado, 80216.

20. Defendant's use of Plaintiff's mark, without consent and after a demand to cease-and-desist, in connection with the sale and offering for sale of its busing and tour services, is likely to cause confusion, deception, or mistake with regard to the source or affiliation of Defendant's services.

21. Defendant's acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

22. Defendant's conduct and actions are intentional, willful, and in bad faith, notably, specifically, and at minimum after receiving notice of infringement on or about March 19, 2021.

23. The above actions and conduct of Defendant have caused, and is causing, great injury, irreparable harm and damage to Plaintiff, and unless permanently enjoined by this Court, the irreparable injury will continue.

24. Defendant has violated the exclusive rights of Plaintiff to its use of the registered Mark and is liable in a civil action under 15 U.S.C. § 1114.

25. On information and belief, Defendant's use of the Mark in imitation of Plaintiffs mark with the intention to benefit from the association with the Plaintiff's business, and such use was intended to cause, and has caused, confusion, mistake, or has deceived potential customers, or Defendant has otherwise improperly benefitted and will continue to benefit from the goodwill associated with the Plaintiff's Mark.

26. By reason of the above, the Defendant is in violation of 15 U.S.C. § 1114(1), and the Plaintiff is entitled to injunctive relief, and to recover profits, damages, multiple damages, and costs and fees from Defendant.

## COUNT II
**Federal Unfair Competition in Violation of Federal Statute (15 U.S.C. § 1125(a))**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

28. This is a claim for unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act.

29. On information and belief, Defendant has used the mark TRANSPERTAINMENT in commerce, including interstate commerce. Under 15 U.S.C. § 1125(a), the use of such mark in connection with Defendant's busing and tour services is a false designation of origin, and a false or misleading representation of affiliation or association, which is likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

30. Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill with respect to its Mark. Plaintiff has no further adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

## COUNT III
### Federal Trademark Dilution Under Federal Statute (15 U.S.C. § 1125(c))

31. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

32. Plaintiff's Mark is distinctive and well-known. The Mark is inherently strong and distinctive, has long been used in connection with the services which are offered by Plaintiff, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States, is widely recognized by consumers and those in the trade, is in substantially exclusive use, is registered on the Principal Register, and is incontestable.

33. Defendant has made commercial use of Plaintiff's mark in connection with services that Defendant has offered and sold in commerce, including interstate commerce. Defendant's acts are in violation of 15 U.S.C. § 1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's mark, all to the irreparable injury to and damage of Plaintiff. These acts of Defendant were commenced and committed from a time after Plaintiffs mark became well-known.

34. Defendant's acts have lessened the capacity of Plaintiff's mark to identify and distinguish the goods and services of Plaintiff. Defendant's acts have blurred the unique association that has exists between Plaintiff's mark, and goods and services provided by Plaintiff.

35. On information and belief, Defendant committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause dilution of Plaintiff's well-known mark.

7

## COUNT IV
## Trademark Infringement/Unfair Competition Under Colorado Common Law

36. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

37. Defendant's above acts constitute wrongs under the Colorado common law in that Defendant's use of the infringing mark causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of services or goods.

38. Defendant's use of the above mark further constitutes actionable wrongs by representing that such services and goods have sponsorship, approval, or characteristics that they do not have.

39. Defendant's use of the above mark also constitutes actionable wrongs by representing that their services and goods possess the same or similar standards, qualities, or grades as Plaintiff's services or goods, although they are in fact of very different quality.

40. Defendant's use of the above mark also constitutes actionable wrongs by disparaging the services, goods, business, or reputation of Plaintiff by false or misleading representations of facts.

41. Defendant has caused, and continue to cause, substantial and irreparable damage and injury to Plaintiff and to the public. Defendant has benefited from such unlawful conduct and will continue to carry out such unlawful conduct and be unjustly enriched thereby unless enjoined by this Court.

42. Defendant's acts as herein alleged have caused Plaintiff to sustain damages.

43. Defendant is directly liable for these actions in violation of Colorado common law.

## COUNT V
### Unfair Competition Under Colorado Statute (C.R.S. § 6-1-101 *et seq.*)

44. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

45. Defendant's above acts constitute wrongs under the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* in that Defendant's use of the infringing mark causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of services or goods.

46. Defendant's use of the above mark further constitutes actionable wrongs by representing that such services and goods have sponsorship, approval, or characteristics that they do not have.

47. Defendant's use of the above mark also constitutes actionable wrongs by representing that their services and goods possess the same or similar standards, qualities, or grades as Plaintiff's services or goods, although they are in fact of very different quality.

48. Defendant's use of the above mark also constitutes actionable wrongs by disparaging the services, goods, business, or reputation of Plaintiff by false or misleading representations of facts.

49. Defendant has caused, and continue to cause, substantial and irreparable damage and injury to Plaintiff and to the public. Defendant has benefited from such unlawful conduct and will continue to carry out such unlawful conduct and be unjustly enriched thereby unless enjoined by this Court.

50. Defendant's acts as herein alleged have caused Plaintiff to sustain damages.

51. Defendant is directly liable for these actions in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*

9

## **RELIEF REQUESTED**

WHERERFORE, Plaintiff prays for relief for the above Causes:

a. Enter judgment in Plaintiff's favor against Defendant on all counts of the Complaint.

b. Enter a temporary, preliminary, interlocutory, and/or permanent injunction restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privy with them using the mark TRANSPORTAINMENT, TRANSPERTAINMENT, or any colorable similar variants thereof on or in connection with the offering of busing and tour services; from infringement of U.S. Trademark Registration No. 2,088,491; from unfairly competing with Plaintiff; from engaging in unfair and deceptive trade practices; and from injuring Plaintiff's business reputation, pursuant to 15 U.S.C. §1116;

c. Enter a temporary, interlocutory, and/or permanent injunction against Defendant to cease and desist from using any marks that include "Transportainment," "Transpertainment," or similar marks owned by Plaintiff;

d. Find Defendant liable for the claims for relief alleged against them in this Complaint.

e. Award Plaintiff general and compensatory damages; actual damages; incidental, special, consequential, and exemplary damages; and damages for the unjust enrichment caused by Defendant's infringement;

f. Require Defendant to account for and to pay to Plaintiff, all of Defendant's profits and all damages suffered by Plaintiff as a result of Defendant's acts, together with interest, and that Plaintiff's recovery be trebled, pursuant to 15 U.S.C. §1117;

10

g. Order Defendant to surrender for destruction all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, website addresses and other material incorporating or reproducing the infringing mark, pursuant to 15 U.S.C. §1118;

h. Compel Defendant to compensate Plaintiff for corrective and responsive advertising;

i. Order and compel Defendant to pay Plaintiff punitive or enhanced damages in an amount to be determined by the Court;

j. Award Plaintiff all costs in this action;

k. Award Plaintiff all expenses incurred in this action, including reasonable attorneys' fees; and

l. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  January 12, 2024  Respectfully submitted,

*/s/ John R. Posthumus*
John R. Posthumus
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
FAX: (303) 572-7883
Email: jposthumus@polsinelli.com

*Counsel for Plaintiff Historic Tours of America, Inc.*

Plaintiff's Address:
201 Front Street,
Key West, Florida, 33040